UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL G. BRANT, et al., | |
| Plaintiffs, | Case No. 2:10-CV-00829-KJD-RJJ |
| v. | **ORDER** |
| SHEA MORTGAGE INC., et al., | |
| Defendants. | |

Currently before the Court is Plaintiffs' Motion to Remand (#8). Defendants filed a Response in Opposition (#12), to which Plaintiffs filed a Reply (#15). Additionally before the Court is Defendants Deb Priebe, and Shea Mortgage Inc.'s Motion to Dismiss and Motion to Strike (##4, 5). Plaintiffs filed a Response in opposition (#7), to which Defendants filed a Reply (#11). Also before the Court is Defendant Saxon Mortgage Services Inc.'s ("Saxon") Motion to Dismiss (#9). Plaintiffs filed a Response in opposition (#13), to which Saxon filed a Reply (#14).

**I. Background**

This action arises from Plaintiffs Michael and Susan Groeschel Brant's ("Plaintiffs") purchase of real property located at 1163 Paradise River Road, Henderson, NV 89015, on or around June 29, 2006, when Plaintiffs entered into a loan agreement secured by the subject property. The Complaint alleges that the Broker Company and Mortgage Broker "held themselves out to Plaintiffs

as being a licensed entity or person with superior knowledge of credit scores and ratings, who "should have known that Plaintiffs lacked the knowledge of and experience with credit scores, debt-to-equity ratios, loan types, and other financial information necessary to understand, shop for, apply for, qualify for, and obtain, loans of money" to purchase the subject property. (Compl. ¶¶ 20–21). The Complaint additionally avers that Defendants made misrepresentations and acted in a fraudulent manner to induce Plaintiffs to enter into a mortgage contract, and that the Lender "did not take commercially reasonable steps to assure that erroneous documents submitted by the Mortgage Broker Company and Mortgage Broker were caught and corrected." (Compl. ¶¶ 28–29.) The Complaint states that the Plaintiffs lost their home to foreclosure and it was sold at auction. (Compl. ¶ 57.)[1]

Plaintiffs filed their Complaint in State Court on April 28, 2010, alleging eleven claims for relief: (1) Breach of Contract; (2) Breach of Contractual Covenant of Good Faith; (3) Violation of Nevada's Unfair Lending Practices Statute (NRS § 598(D)); (4) Violation of NRS §§ 41.600 and 598, Prohibiting Deceptive Trade Practices; (5) Fraud; (6) Constructive Fraud; (7) Negligent Misrepresentation; (8) Negligence; (9) Tortious Interference with Contract; (10) Conversion; and (11) Civil Conspiracy. The allegations of the Complaint are brought against Defendants Deb Priebe, as the "Mortgage Broker", Saxon Mortgage Services Inc., and Shea Mortgage Inc., as "Mortgage Brokers Companies", and Countrywide Home Loans Inc. as "Lender". (Compl. ¶¶ 6–8.)

Even a cursory examination of the Complaint here reveals that Plaintiffs have filed a cut and paste, boilerplate, form complaint which is almost completely devoid of facts, and is identical—except for party names, dates, and property address—to other Complaints that have been

---

[1] Defendants seek that the Court take judicial notice of the Deed of Trust for the subject property as a public record pursuant to Fed. R. Evid. 201. The Court takes judicial notice of the document, and notes that the Plaintiffs are still listed as the owners of record of the subject property by the Assessor for Clark County, Nevada. (See #4 Ex. B)

2

filed with this Court.  See eg., Weinstein v. Shea Mortgage Inc., Case No. 2:10-CV-0478-RCJ-PAL; Weinstein v. McIntosh, 2:10-CV-00431-KJD-RJJ.[2]

Defendants removed the action to federal court on June 1, 2010, claiming federal jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiffs' Complaint appears to bring claims under 15 U.S.C. § 1601 et seq., 12 U.S.C. §§ 1602, and 2605, the Truth in Lending Act ("TILA"), the Real Estate Settlement Procedures Act ("RESPA"), and the Home Ownership and Equity Protection Act ("HOEPA").  Plaintiffs filed the instant Motion to Remand (#8) on July 2, 2010, arguing that the Complaint contains no cause of action over which this Court has original jurisdiction.

**II. Legal Standard**

    **A. Removal**

Under the right set of circumstances, a defendant may remove a civil action filed in state court pursuant to 28 U.S.C. § 1441(b), which provides that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties."  A federal court is required however, to remand the case back to state court, if it discovers that it is without subject-matter jurisdiction to decide the case.  ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality, 213 F.3d 1108, 1113 (9th Cir. 2000).

The presumption lies against removal and a defendant must establish federal jurisdiction because the removal statute is "strictly construed against removal jurisdiction."  See Hofler v. Aetna U.S. Healthcare of Cal., Inc., 296 F.3d 764, 767 (9th Cir. 2002) (citation omitted).

Here, neither party attempts to invoke diversity jurisdiction under 28 U.S.C. § 1332, thus, the "propriety of removal turns on whether the case falls within the original 'federal question'

---

[2] Additional "cut and paste" evidence is found in Plaintiffs' Response to Defendants' Motion to Dismiss, where Plaintiffs include an entire paragraph regarding how "GMAC's Motion to Dismiss is a Thinly-Veiled Motion for More Definite Statement." (#7 at 23.)  GMAC is not a party to this action.  Additionally, page three of Plaintiffs' Motion to Remand seeks relief on behalf of bankruptcy trustee Yvette Weinstein. (#8 at 3.)  Ms. Weinstein is not a party to this action, and the Plaintiffs are not alleged to be in bankruptcy.

jurisdiction of the United States district courts." Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 8 (1983) (citation omitted). The federal-question jurisdictional statute, states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

### 1. The Well-Pleaded Complaint Rule

"As a general rule, the presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." ARCO, 213 F.3d at 1113 (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)) (internal quotations and brackets omitted). Pursuant to the well-pleaded complaint rule, jurisdiction depends solely on the plaintiff's claims for relief and not on any anticipated federal defenses to those claims. Id.; Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908).

## III. Discussion

As stated above, Plaintiffs disclaim federal jurisdiction and argue that this action should be remanded back to state court because "[a]ll of the causes of action and allegations . . . pertain to the laws and statutes of the State of Nevada, and were not pleaded under the TILA, RESPA, the HOEPA, or any other federal statute or federal question." (#8 at 3.)

Defendants, in opposition, argue that Plaintiffs' claims turn on substantial questions of federal law requiring the analysis of federal statutes. Defendants argue that federal law is a necessary element of Plaintiffs' state law claims, as evidenced by Plaintiffs' reliance on closing documents and disclosures governed by federal law such as TILA disclosure statements, RESPA Settling Statements and Good Faith Estimates. (See #12 at 5.) Defendants additionally allege federal jurisdiction because the Court will have to "assess, interpret, and apply federal law" to determine whether Defendants breached federal disclosure obligations before determining state law liability. (Id.) Defendants argue that Plaintiffs have engaged in "artful pleading" to avoid federal jurisdiction by "merely slapp[ing] various state law labels on the alleged federal disclosure violations." (Id. at 7.)

Under the artful pleading doctrine, a plaintiff "may not avoid federal jurisdiction by omitting from the complaint federal law essential to his claim, or by casting in state law terms a claim that can be made only under federal law." Rains v. Criterion Sys., Inc., 80 F.3d 339, 344 (9th Cir. 1996) (quoting Olguin v. Inspiration Consol. Copper Co., 740 F.2d 1468, 1472 (9th Cir. 1984)) (internal quotations omitted); see also Brennan v. Southwest Airlines Co., 134 F.3d 1405, 1409 (9th Cir.1998) ("Artful pleading exists where a plaintiff articulates an inherently federal claim in state-law terms."). Therefore, a federal court may "recharacterize" an artfully pleaded state law claim as a federal claim upon removal. Rains, 80 F.3d at 344.

The Complaint at issue is a cut and paste document devoid of specific facts, and which purposely avoids mention of federal law in order to avoid this Court's jurisdiction. Mortgage companies such as Defendant Countrywide Home Loans Inc. are governed by federal regulations, rules and laws that must be followed. Plaintiffs' Complaint alleges, without citing, violations by Countrywide of the Real Estate Settlement Procedures Act, (RESPA), and the Truth in Lending Act (TILA). Mortgage Servicing companies such as Saxon Mortgage Services are also subject to federal regulations. Federal questions are presented on the face of the Complaint.

**IV. Motion to Dismiss**

Pursuant to Fed. R. Civ. P. 12(b)(6), a court may dismiss a Plaintiff's complaint for "failure to state a claim upon which relief can be granted." A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." Twombly, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (internal citation omitted).

5

1   In Iqbal, the Supreme Court recently clarified the two-step approach district courts are to
2   apply when considering motions to dismiss. First, the Court must accept as true all well-pled factual
3   allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth.
4   Id. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory
5   statements, do not suffice. Id. at 1949. Second, the Court must consider whether the factual
6   allegations in the complaint allege a plausible claim for relief. Id. at 1950. A claim is facially
7   plausible when the Plaintiff's complaint alleges facts that allow the court to draw a reasonable
8   inference that the defendant is liable for the alleged misconduct. Id. at 1949. Where the complaint
9   does not permit the court to infer more than the mere possibility of misconduct, the complaint has
10  "alleged—but not shown—that the pleader is entitled to relief." Id. (internal quotation marks
11  omitted). When the claims in a complaint have not crossed the line from conceivable to plausible,
12  Plaintiff's complaint must be dismissed. Twombly, 550 U.S. at 570.

13  **A. Vagueness**

14  Defendants seek that the Court dismiss Plaintiffs' Complaint in its entirety pursuant to Fed.
15  R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. Defendants point
16  out numerous deficiencies in the Complaint, including *inter alia*, that the Complaint improperly
17  lumps all Defendants together, rarely distinguishing which claims are brought against which
18  Defendants, that the Complaint is virtually devoid of factual allegations, and that many of the claims
19  fail to set forth a plausible claim for relief under Twombly. 550 U.S. 544.
20  As stated above, the Court finds that Plaintiffs Complaint alleges violations of federal law
21  sufficient to evoke federal jurisdiction. However, because the Plaintiffs have attempted to avoid
22  federal jurisdiction, they have removed all citations and references to federal statutes in the actual
23  Complaint making it somewhat difficult for Defendants to respond effectively.
24  Due to their attempt to avoid federal jurisdiction, Plaintiffs have failed to meet the Rule 8
25  standard demonstrating the pleader is entitled to relief. Accordingly, the Court finds that Plaintiffs'
26

Complaint should be dismissed, and the Plaintiffs shall refile a Complaint properly characterizing their claims as federal and state claims.

**V. Conclusion**

Accordingly, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand (#8) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motions to Dismiss and Motion to Strike (##4, 5, 9) are **GRANTED,** in part as set forth above without prejudice.

**IT IS FURTHER ORDERED** that Plaintiffs shall file an amended complaint in compliance with this Order, properly characterizing all claims as federal or state law claims, respectively, on or before April 20, 2010.  Failure to do so will result in dismissal of this action.

DATED this 30th day of March, 2011.

_____
Kent J. Dawson
United States District Judge